**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| RICHARD RYAN, derivatively on behalf of HERTZ GLOBAL HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN M. SCHERR, ALEXANDRA BROOKS, COLIN FARMER, JENNIFER FEIKIN, MARK FIELDS, VINCENT J. INTRIERI, MICHAEL GREGORY O'HARA, ANDREW SHANNAHAN, THOMAS WAGNER, EVANGELINE VOUGESSIS, FRAN BERMANZOHN, and JEFFREY NEDELMAN,<br><br>Defendants,<br><br>and<br><br>HERTZ GLOBAL HOLDINGS, INC.,<br><br>Nominal Defendant. | No. 2:26-cv-00588-KCD-KRH |

**JOINT MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS AND TO TERMINATE ALL DEADLINES AND ADMINISTRATIVELY CLOSE THE *RYAN* ACTION**

This joint motion (the "Joint Motion") is made by Plaintiff Richard Ryan ("Plaintiff"), Nominal Defendant Hertz Global Holdings, Inc. ("Hertz"), and Defendants Stephen M. Scherr, Alexandra Brooks, Colin Farmer, Jennifer Feikin, Mark Fields, Vincent J. Intrieri, Michael Gregory O'Hara, Andrew Shannahan, Thomas Wagner, Evangeline Vougessis, Fran Bermanzohn, and Jeffrey Nedelman

(the "Individual Defendants," and, together with Hertz, "Defendants"). Plaintiff and Defendants are collectively referred to herein as the "Parties."

The Parties, along with other Hertz stockholders, have reached an agreement in principle, subject to Court approval, to resolve the above-captioned action and a related putative shareholder derivative action pending in this Court, captioned *Roy v. Scherr*, No. 2:24-cv-00744-KCD-KRH (the "Consolidated Action"), in a single proposed settlement. The Parties are working diligently on settlement papers, and the Co-Lead Plaintiffs[1] in the Consolidated Action expect to file a motion for preliminary approval of the settlement in the near future. In light of the proposed settlement and to further the interests of judicial economy, the Parties jointly move for (i) the consolidation of above-captioned action (the "*Ryan* Action") with the Consolidated Action pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 1.07(b), which will facilitate the Court's consideration of the proposed settlement in a single action, thereby promoting efficiencies and eliminating the risk of inconsistent rulings, and (ii) an order terminating all deadlines (including, but not limited to Defendants' time to respond to the complaint) in and administratively closing the *Ryan* Action.

Having conferred, counsel for the Parties agree and state as follows in support of their Agreed Motion:

[1] "Co-Lead Plaintiffs" refers to Plaintiffs Anand Roy and Joseph H. Fleischman.

1. On August 14, 2024, Anand Roy initiated a putative shareholder derivative action captioned *Roy v. Scherr*, No. 2:24-cv-00744-KCD-KRH (M.D. Fla.) (the "*Roy* Action").

2. On September 24, 2024, Davis Aiken Yaun initiated a putative shareholder derivative action captioned *Yaun v. Hertz Global Holdings, Inc.*, No. 2:24-cv-00891-KCD-NPM (M.D. Fla.) (the "*Yaun* Action").

3. On December 17, 2024, Plaintiff Roy and Plaintiff Yaun filed an Unopposed Motion to Consolidate, Appoint Co-Lead Plaintiffs, and Appoint Co-Lead Counsel for Co-Lead Plaintiffs (the "Unopposed Motion to Consolidate"). *See Roy v. Scherr*, No. 2:24-cv-00744-KCD-KRH, Dkt. 22 (M.D. Fla. Dec. 17, 2024).

4. On June 27, 2025, the Court granted the Unopposed Motion to Consolidate, consolidated the *Roy* Action and the *Yaun* Action into the Consolidated Action, and appointed Plaintiff Roy and Plaintiff Yaun as Co-Lead Plaintiffs.[2] *See Roy v. Scherr*, No. 2:24-cv-00744-KCD-KRH, Dkt. 34 (M.D. Fla. June 27, 2025). In that order, the Court also terminated any pending deadlines in the *Yaun* action and administratively closed the file in *Yaun*.

6. On March 3, 2026, Plaintiff Richard Ryan initiated the *Ryan* Action, which is a putative shareholder derivative action brought against the same Defendants and based on the same alleged facts as the Consolidated Action.

---

[2] Plaintiff Yaun subsequently passed away, and the Court substituted Joseph H. Fleischman in his place as a Co-Lead Plaintiff. *See Roy v. Scherr*, No. 2:24-cv-00744-KCD-KRH (M.D. Fla. June 15, 2026).

7. Contemporaneously with this Joint Motion, the Parties and Co-Lead Plaintiffs in the Consolidated Action are filing Joint Notices of Resolution pursuant to Local Rule 3.09(a) in both the Consolidated Action and the *Ryan* Action. The Joint Notices of Resolution reflect that the Parties have reached a single settlement in principle, subject to Court approval as contemplated under Federal Rule of Civil Procedure 23.1(c), to resolve the Consolidated Action and the *Ryan* Action. The terms of that joint settlement are reflected in a single binding Memorandum of Understanding ("MOU"), which has been executed by all of the Parties and Co-Lead Plaintiffs in the Consolidated Action.

8. The MOU contemplates that the Parties and Co-Lead Plaintiffs in the Consolidated Action will promptly enter into a formal, final Stipulation and Agreement of Settlement, and that Co-Lead Plaintiffs in the Consolidated Action will then file a motion for preliminary approval of the final Stipulation and Agreement of Settlement in the Consolidated Action. The Parties and Co-Lead Plaintiffs in the Consolidated Action are in the process of preparing and finalizing the Stipulation and Agreement of Settlement.

9. The MOU further provides that the *Ryan* Action will either be dismissed with prejudice or consolidated with the Consolidated Action, and that—in the interest of judicial economy—the Parties and Co-Lead Plaintiffs in the Consolidated Action shall cease all litigation activities, except those related to the negotiation of the definitive Stipulation and Agreement of Settlement and any activity necessary for or

related to preparation for seeking preliminary approval of the settlement from the Court.

10. As contemplated by the MOU, the Parties now respectfully request that the Court consolidate the *Ryan* Action with the Consolidated Action pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 1.07(b), which will facilitate and streamline the Court's consideration of the joint settlement of these matters and eliminate the risk of inconsistent adjudications.

11. Federal Rule of Civil Procedure 42(a)(2) provides that the Court can consolidate actions pending before it that "involve a common question of law or fact." Similarly, Local Rule 1.07(b) permits litigants to file a motion to consolidate if two or more actions assigned to a judge "present the probability of inefficiency or inconsistency." The power to consolidate actions falls within the Court's inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

12. In determining whether consolidation is appropriate, the Court must consider: (i) whether the "specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues"; (ii) the "burden on parties, witnesses and available judicial resources posed by multiple lawsuits"; (iii) the "length of time required to conclude multiple suits as against a single one"; and (iv) the "relative expense to all concerned of the single-trial,

multiple-trial alternatives." *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (internal quotations omitted).

13. As a threshold matter, there is no question that the Consolidated Action and the *Ryan* Action involve common questions of law and fact. Both actions are shareholder derivative suits purportedly brought on behalf of Hertz against the same Individual Defendants. *See Roy v. Scherr*, No. 2:24-cv-00744-KCD-KRH, Dkt. 40 (M.D. Fla. Aug. 15, 2025) ("Consolidated Am. Compl."); *Ryan v. Hertz Global Holdings, Inc.*, No. 2:26-cv-00588-KCD-KRH, Dkt. 4 (M.D. Fla. Mar. 3, 2026) ("*Ryan* Compl."). Both actions allege that Hertz was harmed through the issuance of allegedly false or misleading statements concerning its electric vehicle strategy and that the Company's stock price declined when it was allegedly revealed that the statements were false. Consolidated Am. Compl. ¶¶ 1-11; *Ryan* Compl. ¶¶ 1-10. And both actions assert claims for, among other things, violations of section 14(a) of the Securities Exchange Act, breach of fiduciary duty, and unjust enrichment. Consolidated Am. Compl. ¶¶ 369-77, 386-400; *Ryan* Compl. ¶¶ 166-90.

14. The standard under Local Rule 1.07(b) is likewise easily met. The Consolidated Action and *Ryan* Action are assigned to the same judge. Absent consolidation, there is a high probability of inefficiency because Court approval of the same settlement would proceed in two separate cases. That would result in needless expenditure of resources by the Parties and the Court.

15. For the same reasons, the other factors that the Court must consider likewise weigh strongly in favor of consolidation. Having a single process for

approving the settlement would avoid the risk of inconsistent rulings, preserve the resources of the Parties and the Court by eliminating duplicative briefing and hearings, and ensure that the approval process proceeds in the most expeditious manner. Indeed, the MOU expressly requires that the *Ryan* action either be dismissed with prejudice or consolidated with the Consolidated Action for this very purpose.

16. Even if the anticipated final Stipulation and Agreement of Settlement were not approved, consolidation would still be appropriate to prevent unnecessary duplication of efforts, avoid the risk of inconsistent judgments, and conserve the resources of the Parties and the Court. All Parties would benefit from the efficiencies, coordination of effort, and consistency of adjudication that consolidation would create. In particular, the Parties agree that the interests of Hertz would be best served by avoiding separate litigation of substantially the same questions of fact and law in different cases.

17. In light of the foregoing, and to avoid the unnecessary expenditure of the Parties' and the Court's resources, the Parties respectfully request that the Court consolidate the *Ryan* Action with the Consolidated Action under the caption *Roy v. Scherr*, No. 2:24-cv-00744-KCD-KRH.

18. Additionally—consistent with the Court's order consolidating the *Roy* and *Yaun* actions—the Parties respectfully request that the Court terminate any pending deadlines in this action, including but not limited to Defendants' time to respond to the Complaint, and administratively close the case, all in the interest of judicial economy.

19. Defendants have agreed to the proposed settlement in principle solely in the interest of compromise and to avoid the cost and burden of unnecessary litigation, including motion practice. Defendants respectfully submit that, if their deadline to respond to the Complaint were not terminated—as it was in *Yaun*—and motion practice proceeds before this Court, they would pursue threshold dismissal of the Complaint under Rule 23.1 and Rule 12(b)(6). Defendants reserve all rights and defenses, including but not limited to venue.

20. To avoid unnecessary motion practice, and to allow Defendants to devote their full attention to finalizing the Stipulation and Agreement of Settlement, the Parties respectfully submit that the termination of all deadlines, including Defendants' time to respond to the Complaint, would serve the interests of judicial economy.

21. This requested relief would also comport with the binding MOU executed by the Parties and Co-Lead Plaintiffs in the Consolidated Action, which requires the cessation of all litigation activities, except those related to finalizing settlement documentation and seeking final approval of the settlement.

22. Accordingly, the Parties respectfully request that the Court (i) consolidate the *Ryan* Action with the Consolidated Action, (ii) terminate all deadlines in the *Ryan* Action, including but not limited to Defendants' time to respond to the complaint in the *Ryan* Action; and (iii) administratively close the file in the *Ryan* Action.

**<u>Local Rule 3.01(g) Certification</u>**

The Parties have conferred with each other and jointly seek the relief sought in this Joint Motion. No Party opposes this Motion.

Respectfully submitted this 8th day of October 2026, by:

**RAVELO LAW FIRM, PLLC**

*/s/ Amelia M. Ravelo*

Amelia M. Ravelo, Esq.
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: (305) 488-4357
amelia@ravelolawfirm.com

**SQUITIERI & FEARON, LLP**
Lee Squitieri (admitted *pro hac vice*)
205 Hudson Street, 7th Floor
New York, New York 10013
Telephone: (212) 421-6492
lee@SFclasslaw.com

**MOORE LAW, PLLC**
Fletcher Moore (admitted *pro hac vice*)
30 Wall Street, 8th Floor
New York, New York 10005
Telephone: (212) 709-8245
fletcher@fmoorelaw.com

*Attorneys for Plaintiff Richard Ryan*

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Traci T. McKee*
Traci T. McKee (FBN 53088)
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Telephone: (239) 286-6900
traci.mckee@faegredrinker.com

*Attorneys for Individual Defendants and Nominal Defendant Hertz Global Holdings, Inc.*